```
                       UNITED STATES DISTRICT COURT
                       SOUTHERN DISTRICT OF FLORIDA

                       CASE NO 11-20575-CIV-JORDAN
                       MAGISTRATE JUDGE P.A. WHITE
```

EUGENE E. MACK,                :

     Plaintiff,           :          <u>REPORT OF
                                        MAGISTRATE JUDGE</u>
v.                             :

VICTOR MAZZARELLA, et al.,     :

     Defendants.          :
_____


I. <u>Introduction</u>

The plaintiff, Eugene Mack, filed a <u>pro-se</u> civil rights complaint pursuant to 42 U.S.C. §1983 while confined in the Glades Correctional Institution.

This Cause is before the Court upon a preliminary screening of the initial complaint pursuant to 28 U.S.C. §1915 (DE#1). The plaintiff is proceeding <u>in forma pauperis</u>.

II. <u>Analysis</u>

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
>     \*  \*  \*
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
>     \*  \*  \*
>
> (B) the action or appeal –

>                    *   *   *
>
>     (i)  is frivolous or malicious;
>
>     (ii) fails to state a claim on which
>     relief may be granted; or
>
>     (iii) seeks monetary relief from a
>     defendant who is immune from such
>     relief.

This is a civil rights action Pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by a person acting under color of state law. See 42 U.S.C. 1983; Polk County v Dodson, 454 U.S.312 (1981); Whitehorn v Harrelson, 758 F. 2d 1416, 1419 (11 Cir. 1985. The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c).  See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violate the plaintiff's rights, privileges,

or immunities under the Constitution or laws of the United States. <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11 Cir. 1998).

To determine whether a complaint fails to state a claim, upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).  <u>Twombly</u> applies to §1983 prisoner actions.  See <u>Douglas v. Yates</u>, 535 F.3d 1316, 1321 (11 Cir. 2008).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  Second, the Court must determine whether the complaint states a plausible claim for relief.  <u>Id.</u>  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

<u>Statement of Facts</u>

The plaintiff alleges that Defendants Victor Mazzarella and Derrick Simmons, Detectives in the Miami Dade Police Department, wrongfully arrested him and maliciously prosecuted him.

---

[1] The application of the <u>Twombly</u> standard was clarified in <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009).

On January 12, 2004, a family was assaulted by a man driving a Chrysler, exiting a Kentucy Fried Chicken (KFC).  On January 20, 2004, Mack, along with two co-defendants, were arrested as  suspects in the strong armed robbery of a gas station approximately two miles from the "KFC" robbery. Mack was driving a Chrysler. Mazzarella and Simmons questioned him concerning the now highly publicized "KFC" robbery. A lineup was prepared and Mack was identified as the assailant by a store employee. He claims that Mazzarella instructed one of the witnesses to sign her name on Mack's photograph, although the witness stated she wasn't sure. Mack further stated that the officers  then  falsely arrested him for the "KFC" and gas station strong armed robberies. He claims that Mazzarella and Simmons conducted a biased investigation, falsely stating the witnesses had identified him. He was held without bond in the "KFC" case.

He alleges that based on the false complaint/arrest affidavit filed by the two detectives, he was charged in case no. F04-2071 on February 9, 2004, with attempted first degree murder. He contends that in March of 2004, the detectives submitted a falsified narrative of the investigation in the "KFC" case. Mazzarella falsely testified at his bond hearing, and his bond was denied. On April 3, 2006, he was found guilty of the January 20, 2004 robbery, in case no. 04-01996. He claims he was prosecuted more severely than his co-defendant because of his being suspected in the "KFC" robbery, and that his sentence was more severe.

In February of 2008, in case no. F04-2071, Mazzarella revealed that he had received a sworn statement from an unnamed individual claiming Mack had been erroneously arrested and providing him with the name of another suspect. On the following day Mazzarella released information concerning the unnamed witness, and case no. F04-2071 was nolle prossed.

In summary, the plaintiff claims defendants arrested him without a warrant and fabricated evidence to establish probable cause for an arrest in the "KFC" case, and maliciously prosecuted him. He seeks to add Florida tort claims of malicious prosecution, and slander. He is seeking monetary damages, and damages for the wrongful death of his mother, caused by the stress of his arrests.

Sufficiency of the complaint

Timeliness

State law governs the limitations period in §1983 cases, and "§1983 claims are best characterized as personal injury actions." Wilson v. Garcia, 471 U.S. 261, 280 (1985). "[W]here state law provides multiple statutes of limitations for personal injury actions, courts considering §1983 claims should borrow the general or residual statute for personal injury actions." Owens v. Okure, 488 U.S. 235, 249-50 (1989). Florida law provides multiple statutes of limitations for personal injury actions, and a residual limitations period of four years. Fla. Stat. §95.11(3)(p); Baker v. Gulf & W. Indus., 850 F.2d 1480, 1481-83 (11 Cir. 1988). The method for determining the date when a cause of action accrued for purposes of the statute of limitations in §1983 cases when he knows or has reason to know of his injury and who has inflicted it. Kelly, 87 F.3d at 1238-39; Mullinax v. McElhenney, 817 F.2d 711, 716 (11 Cir. 1987).

The uniform rule in computing time periods is that the first day of the period is excluded from the computation, and the last day is included. McMillen v. Hamilton, 48 So.2d 162 (Fla. 1950); Fla.R.Civ.P. 1.090(a).

<u>False arrest and lack of probable cause</u>

The plaintiff's first cause of action, false arrest without a warrant and lack of probable cause accrued in January of 2004, upon his initial arrest. The complaint was filed in February of 2011, well past the statute of limitations. A district court may <u>sua sponte</u> dismiss a <u>pro se</u> civil rights action for failure to state a claim pursuant to 28 U.S.C. §1915(e) on grounds that the face of the complaint clearly establishes that it is barred by the applicable statute of limitations. <u>See</u> <u>Pino v. Ryan</u>, 49 F.3d 51 (2 Cir. 1995). The plaintiff's claims of a warrantless arrest, and lack of probable cause to arrest, occurring in January of 2004, over seven years ago, will be considered as time barred.

The plaintiff's second cause of action is malicious prosecution, and appears to be timely filed. The plaintiff alleges that the defendants engaged in malicious prosecution by issuing false police reports, raising false charges and testifying falsely. He contends his case no. F04-2071 was nolle prossed in February of 2008, when Detective Mazzarella provided information related to an unidentified witness. If the cause of action is considered to have accrued on that date, this case would be timely filed. The timeliness of these issues may be developed further, however, at this initial stage, the claims of malicious prosecution continuing from 2004 thru to 2008 are considered timely.

<u>Malicious Prosecution</u>

In order to state a cause of action for malicious prosecution, a plaintiff must allege and prove that the criminal proceeding that gives rise to the action has terminated in favor of the accused. <u>See</u> <u>Kelly v. Serna</u>, 87 F.3d 1235, 1240-41 (11 Cir. 1996); <u>Heck v.</u>

6

Humphrey, 512 U.S. 477, 484 (1994) ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused."). The plaintiff has stated that he was never convicted in case no. 22355, the "KFC" case, and his criminal case no. F04-2071 was nolle prossed, upon information later received from Defendant Mazzarella.

Allegations of malicious prosecution can constitute a violation of the Fourth Amendment. The Eleventh Circuit noted in Whiting v. Traylor, 85 F.3d 581, 584 (11 Cir. 1996): "[L]abeling . . . a section 1983 claim as one for a 'malicious prosecution' can be a shorthand way of describing a kind of legitimate section 1983 claim: the kind of claim where the plaintiff, as part of the commencement of a criminal proceeding, has been unlawfully and forcibly restrained in violation of the Fourth Amendment and injuries, due to that seizure, follow as the prosecution goes ahead. Cf. U.S. Steel, LLC, v. Tieco, Inc., 261 F.3d 1275, 1290 (11 Cir. 2001). The Whiting Court also noted that "we think referring to a federal "right" to be free from malicious prosecution is actually a description of the right to be free from an unlawful seizure which is part of a prosecution." Whiting at 584 n.4. The Fourth Amendment standard requires that the plaintiff allege that there was an unreasonable seizure.

The plaintiff has raised sufficient facts so that this claim against the defendants should proceed beyond this initial screening, as the allegations are adequate to survive the 28 U.S.C. §1915 and Rule 12(b)(6) hurdles. Service will be sent to the defendants by separate order.

Heck v Humphrey

The petitioner alleges that his sentence in his present case 04-01996 is more severe than his co-defendants, because he was suspected in the "KFC" assault case. A habeas corpus action is the proper vehicle for raising claims that may affect the fact or duration of a criminal defendant's confinement. Preiser v. Rodriquez, 411 U.S. 475, 488-490 (1973). If a prisoner brings such claims in a civil rights action, the complaint must be dismissed unless and until the reason for the confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). Heck applies both to actions for monetary damages and for injunctive relief. Wilkinson v Dotson 125 S.Ct 1242 (2005). Any claims relating to his conviction must be raised in a habeas corpus petition, and are dismissed.

State Tort Claims

Plaintiff's state tort claim of malicious prosecution shall proceed. State tort claims arising out of the same transactions shall proceed along with the federal claims. Nichols v Hendrix, 1999 WL 727233 (ND Ga 1999). See: 28 U.S.C. §1367. However, the plaintiff's state tort claim for slander, is barred by the statute of limitations. The plaintiff alleges that in January of 2004, radio and television stations identified him as the assailant in the "KFC" robbery, based upon erroneous statements from defendants Mazzarella and Simmons. As a result, he was placed into protective custody. This claim is well outside of the statute of limitations and should be dismissed.

<u>Damages for the death of plaintiff's mother</u>

The plaintiff's attempted claim for damages for the death of his mother, allegedly resulting from his arrest, is without foundation and a conclusion of fact lacking any support. <u>Twobly</u>, <u>supra</u>. It is therefore recommended that this claim be dismissed.

### III. <u>Recommendation</u>

For the above reasons, it is recommended as follows:

1. The complaint proceed against Defendants Mazzarella and Derrick Simmons for malicious prosecution.

2. Claims for unlawful arrest without a warrant or probable cause are dismissed as time barred.

3. Pendant state claim of malicious prosecution shall proceed, and the pendant state claim of slander shall be dismissed.

4. Claims for damages for the death of the plaintiff's mother are dismissed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated at Miami, Florida, this 29th day of March, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Eugene Mack, Pro Se
    Glades Correctional Institution
    Address of record